[No. 6049.]

## STEVENSON v. BROTT.

Replevin—Judgment—In replevin between lien claimants, the successful party recovers possession of the goods. A judgment for damages merely is without the issue and cannot be sustained.

*Appeal from Denver County Court*—Hon. BEN B. LINDSAY, Judge.

Mr. RICHARD McKNIGHT, for appellant.

Mr. R. D. REESE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was a suit in replevin begun in a justice court by the appellant here, plaintiff below, against the appellee here, defendant below, to recover possession of an automobile. In the justice court the plaintiff had judgment for possession. On appeal to the county court, the result was reversed, and the defendant recovered judgment there upon the verdict of a jury, which reads as follows:

"We, the jury, find the issues herein joined for the defendant, A. Brott, and assess his damages at the sum of sixty-six dollars and 40-100."

Upon this verdict, a motion for a new trial having been meanwhile overruled, judgment was duly entered in this form:

"It is considered by the court that said defendant, A. Brott, have and recover of and from said plaintiff the sum of sixty-six and 40-100 ($66.40) dollars, together with his costs incurred herein, to be taxed, and that execution issue therefor."

Upon return of said verdict to the county court, the plaintiff excepted, and objected to its form and substance; as he also did in his motion for a new

trial, and likewise to the judgment itself, from which this appeal is prosecuted.

It is to be observed that this was a suit in replevin to recover possession of an automobile, the plaintiff basing his right thereto upon the lien of a chattel mortgage, duly recorded, and in full force. The defendant predicates his right to a lien upon said car for repairs thereto, done at the behest of the mortgagor of the automobile, and for which he has right of action in debt against the latter. The defendant makes no claim whatever of any personal indebtedness to him by the plaintiff Stevenson, or of any right to a money judgment against him. The issue in the trial court was as to which of the contending parties had the better and superior right, under their respective alleged lien claims, to the possession of the automobile. In no event could the defendant recover a direct personal judgment against the plaintiff; such judgment is clearly without and beyond the issues of the case. The defendant had, and has, no claim of debt against Stevenson. The question between the parties was clearly one of right of possession; that was the only matter litigated, and the only thing upon which the court did instruct, or properly could have instructed, the jury. No ground in law or in fact whatsoever upon which to base the personal money judgment which was rendered in this case, in favor of the defendant and against the plaintiff, is shown, and there is no conceivable theory upon which it may be rightfully approved.

The cases cited where similar verdicts have been sustained in like cases in favor of a plaintiff, have no application. Where a plaintiff recovers in this kind of action, there is some plausibility in the suggestion that a money verdict may represent the damages sustained by him for the wrongful detention, by the defendant, of the property involved. Nothing of this

sort can be properly urged in behalf of a defendant who is the one having possession of the property in the first instance, and from whom such possession is taken by the writ. It is only against the defendant, and not in his favor, that damages on the facts here shown, and in a suit like this, may be assessed. He has and makes no personal claim of debt against the plaintiff whatever. He urged no counter-claim and offered no syllable of proof to support one. The judgment is simply an impossibility under the issues tendered and testimony adduced. We are not disposed to discuss or pass upon other alleged errors, as the one considered is decisive of this appeal. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.